UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60233-CIV-GOLD/MCALILEY

MOHAMED AYARI, on his own
behalf and others similarly situated,

      Plaintiff,

v.

RJ FOOD MART, INC. and
JAMAL OWEISI,

      Defendants.

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION
## FOR ENFORCEMENT OF THE SETTLEMENT AGREEMENT
## AND FOR ENTRY OF DEFAULT JUDGMENT

Pending before the Court is Plaintiff's Motion for Enforcement of the Settlement
Agreement and for Entry of Final Default Judgment. [DE 34]. This matter was referred to
me by the Honorable Alan S. Gold. [DE 35]. Plaintiff alleges that Defendants are in default
of their payment obligations under the parties' settlement agreement in this action. Plaintiff
asks the Court, pursuant to the terms of the agreement, for "entry of a default judgment
against each of the Defendants, jointly and severally, for the remaining balance due under
the Settlement Agreement, plus interest thereon from September 1, 2009, costs, and
reasonable attorney's fees incurred in connection with bringing this Motion and securing a
judgment. . . ." [DE 34, ¶ 5]. Neither Defendant responded to the Motion.

## I.     Background

On June 29, 2009, the parties to this Fair Labor Standards Act action entered into a settlement agreement and, on June 30, 2009, the parties filed a Joint Motion for Approval of Settlement Agreement and Stipulation of Dismissal with Prejudice. [DE 30]. In the Joint Motion, the parties requested that "the Court enter an Order approving the settlement agreement, and that following entry of such Order, the Court enter an Order dismissing this case with prejudice, with the Court retaining jurisdiction to enforce the terms of the settlement agreement." [DE 30, ¶ 6]. The parties also provided a proposed order reflecting this language. [DE 30-2]. On July 14, 2009, the Court entered an Order granting the Joint Motion, dismissing the action and closing the case. That Order, however, did not include language expressly retaining jurisdiction to enforce the terms of the settlement agreement, nor did it incorporate into the Order the terms of the settlement agreement. [DE 33].

Under the settlement agreement, Defendants were required to make five equal monthly installment payments totaling $40,000.00, starting on August 1, 2009. By agreement, any failure by Defendants to make the required payments would entitle Plaintiff to move the Court for entry of a default judgment against each Defendant, jointly and severally, "for the total unpaid balance due under [the] Agreement, plus interest thereon at the legal rate of interest, as well as all costs and reasonable attorney's fees incurred in securing such a judgment." [DE 30-1, ¶ 4]. According to the Motion, Defendants made the first installment payment of $8,000.00 on August 1, 2009, but failed to make the September

2

2009 payment, placing them in default of the terms of the Settlement Agreement.[1]

## II.    Analysis

### A.    Jurisdiction

As an initial matter, this Court must determine whether it has subject matter jurisdiction to enforce the settlement agreement. "Enforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994). A district court can exercise supplemental jurisdiction over issues arising from a settlement agreement if the district court "embod[ies] the settlement contract in its dismissal order or, what has the same effect, retain[s] jurisdiction over the settlement contract, if the parties agree." *Id.* at 381-82.

Here, the parties requested in the Joint Motion for Approval of the Settlement Agreement that the Court retain jurisdiction to enforce the settlement agreement. [DE 30, ¶ 6]. The mere consent of the parties, however, cannot confer subject matter jurisdiction; rather, the court must itself retain jurisdiction. *E-Z Load Gate Inc. v. American Moto Products, Inc.*, No. 6:07-cv-1962-Orl-19DAB, 2009 WL 3246414, at * 5 (M.D. Fla. Oct. 6, 2009). The Order granting the Joint Motion dismissed the action and closed the case, but did not retain jurisdiction over the settlement agreement or incorporate the settlement agreement into the Order. [DE 33]. Thus, the Court did not retain subject matter jurisdiction over the

---

[1] Plaintiff's motion was filed before the due date of the third installment payment; Plaintiff has not updated the Court as to the current unpaid balance.

3

disputes arising from breach of the settlement agreement.

It is not clear from the record whether this omission was deliberate.  The Order grants the Joint Motion, without limitation, which might indicate that the Court intended to grant all relief sought, including the retention of jurisdiction.  Alternatively, the fact that the Court drafted its own Order, rather than use the proposed Order provided by the parties (which included the language retaining jurisdiction), may indicate that the Court's omission of that language was deliberate.

If the exclusion was deliberate, the Court lacks supplemental jurisdiction over the enforcement of the settlement agreement and the Motion must be denied.  If the Court intended to retain jurisdiction to enforce the settlement agreement based on the joint request by the parties, it may amend its Order pursuant to Federal Rule of Civil Procedure 60(a) to include the language retaining jurisdiction.  *See* Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order or other part of the record.  The court may do so on motion or on its own, with or without notice.").

In the event the Court chooses to amend the Order to state its intention to retain supplemental jurisdiction over the settlement agreement, I turn to the merits of the Motion.

**B.     Merits**

Under the settlement agreement, Defendants agreed to pay at total of $40,000.00 in five monthly installments of $8,000.00 each, due on the first of the month.  Failure to make

4

any installment payment is a default under the agreement, entitling Plaintiff, upon motion and a supporting affidavit, to entry of a default judgment in his favor, against each of the Defendants jointly and severally, in the amount of the unpaid balance, plus prejudgment interest "at the legal rate of interest," plus reasonable attorneys' fees and costs incurred in securing the judgment.  [DE 30-1, ¶ 4].  Plaintiff filed an uncontested affidavit, dated September 30, 2009, stating that Defendants made the first $8,000.00 installment payment required under the agreement, on August 1, 2009, but refused to make the second installment payment due on September 1, 2009.  [DE 34-2, ¶ 5].

Defendants' failure to pay the September installment payment puts them in default of the terms of the agreement and if this Court retains jurisdiction to enforce the agreement, Plaintiff is entitled to a default judgment against both Defendants, jointly and severally, for the unpaid balance due under the agreement.  Before the Court enters judgment against Defendants, Plaintiff should supplement his affidavit to state the current unpaid balance Defendants owe under the agreement.

1.    **Prejudgment interest**

The Agreement provides that Plaintiff is entitled to prejudgment interest on the unpaid balance "at the legal rate of interest." [DE 30-1, ¶ 4]. This Court must determine whether Florida or federal law supplies the applicable interest rate; the question is a necessary one, as the interest rates differ.

Under federal law, the court has broad discretion in setting a prejudgment interest rate, "guided by principles of reasonableness and fairness, by relevant state law, and by the relevant fifty-two week United States Treasury bond rate, which is the rate that federal courts must use in awarding post-judgment interest." *Werner Enterprises, Inc. v. Westwind Maritime Internat'l, Inc.*, 554 F.3d 1319, 1329-30 (11th Cir. 2009). In contrast, Florida law sets a statutory prejudgment interest rate to be applied in "all cases where interest shall accrue without a special contract for the rate thereof. . . ." *See* Fla. Stat. §§ 55.03, 687.01.

Plaintiff assumes that federal law controls the determination of prejudgment interest and cites federal law in support of his request. [DE 34, ¶ 6]. Plaintiff overlooks the fact that he is asking this Court to assert supplemental jurisdiction over his claim of breach of the settlement agreement, which is a state law claim for breach of contract. This Court must apply Florida law to state claims heard on the basis of supplemental jurisdiction. *Jones v. United Space Alliance, L.L.C.*, 494 F.3d 1306, 1309 (11th Cir. 2007). Notably, another District Court, when enforcing a settlement agreement in an FLSA case, applied state law to determine the applicable prejudgment interest. *Kaperek v. City Wire Works, Inc.*, No. 03 CV 3986(RML), 2009 WL 691945, at *3 (E.D.N.Y. March 12, 2009).

This authority leads me to conclude that Florida law governs the rate of prejudgment interest. Under Florida law, prejudgment interest is to be awarded at the statutory rate, from the date payment was due - here the default date of September 1, 2009. *Berloni S.P.A. v. Della Casa, LLC*, 972 So.2d 1007, 1012 (Fla. 4th DCA 2008). The statutory rate for 2009

6

is 8% per year (or .0002192 per day).[2]  Thus, I recommend that Plaintiff be awarded prejudgment interest at this rate for the default amount. [3]

### 2.   Attorneys' fees and costs

Under the agreement, Plaintiff is entitled to recover the reasonable attorneys' fees and costs incurred in securing the judgment.  Plaintiff's counsel avers that he spent 6.50 hours in securing the default judgment as a result of Defendants' breach of the agreement.  Asking for an hourly rate of $375, Plaintiff's counsel avers that the total fees incurred are **$2,437.50**. Plaintiff is not seeking any costs.  [DE 34-3].

The starting point in fashioning an award of attorneys' fees is to multiply the number of hours reasonably expended by a reasonable hourly rate, resulting in a "lodestar" amount. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)(citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983))[4].  A reasonable hourly rate is the prevailing market rate in the relevant

---

[2] *See* Florida Department of Financial Services, Statutory Interest Rates Pursuant to Section 55.03, Florida Statutes, available at www.myfloridacfo.com/aadir/interest.htm.

[3] In the event the Court elects to apply federal law to determine prejudgment interest, it would seem appropriate to apply a prejudgment interest rate derived from the post judgment interest rate specified in 28 U.S.C. § 1961 in effect at the time of the default, .45% per year. *See Werner*, 554 F.3d at 1329 (upholding district court's determination that prejudgment interest should be awarded at the rate that federal courts use in awarding post-judgment interest); *Goodyear Tire & Rubber Co. v. Great Southwest Express Co., Inc.*, No. Civ. A 2:04-CV-69-WC, 2006 WL 587600, * 4 (N.D. Ga. March 10, 2006) (in a federal question case, rejecting argument that state prejudgment interest rate applied, instead applying an average of the federal post judgment interest rates applicable during the litigation).

[4] Because federal and Florida law regarding calculation of attorneys' fees do not conflict, this Court will analyze a claim for attorneys' fees under federal law. *Schafler v. Fairway Park Cond. Assoc.*, 324 F. Supp. 2d 1302, 1309, 1311 (S.D. Fla. 2004) (court need not decide the choice of law issue unless there is an actual conflict between state and federal substantive law).

legal community for similar services by lawyers of reasonably comparable skills, experiences and reputation. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Coy v. Allstate Floridian Ins. Corp.*, No. 2:05-cv-103-FtM-34DNF, 2007 WL 1732098, at *8 (M.D. Fla. June 14, 2007).

Plaintiff seeks an hourly rate of $375.00. In evaluating the reasonableness of this rate, this Court has reviewed the qualifications of Plaintiff's counsel [DE 34-3, ¶ 2] and the record in this action. Based on this review, and this Court's own judgment and expertise, the Court finds that **$325.00** per hour is a reasonable hourly rate to be awarded in this instance.

This Court also has made a careful review of the billing records submitted by Plaintiff's counsel and the record in this action and finds that the 6.50 hours sought were reasonably and necessarily expended by counsel. Because Plaintiff is required to file a supplemental affidavit setting forth the current unpaid balance, I recommend adding .5 hours to compensate for the time preparing that affidavit. Multiplying the reasonable number of hours by the reasonable hourly rate results in an attorneys' fees award of **$2,275.00**.

## III.    Recommendations

The Court recommends that:

1.    The Court determine whether it intended to retain supplemental jurisdiction over the settlement agreement and, if so, enter an amended Order pursuant to Rule 60(a) explicitly retaining jurisdiction.

2.    If the Court retains jurisdiction, I recommend that Plaintiff's Motion for

8

Enforcement of the Settlement Agreement and for an Entry of Final Default Judgment [DE 34] be **GRANTED IN PART** as follows:

        a.      That the Plaintiff be required to file an affidavit that states the current unpaid balance due on the settlement agreement.

        b.      That a default judgment be entered in favor of Plaintiff for this amount, against Defendants, jointly and severally.  The amount of the judgment should include prejudgment interest on the unpaid balance at the rate of 8% per year (equal to .0002192 per day) from September 1, 2009 to the date of entry of judgment, as well as attorneys' fees in the amount of $2,275.00.

## IV.    Objections

Pursuant to Magistrate Rule 4(a), the parties may file written objections to this Report and Recommendation with the Honorable Alan S. Gold no later than 14 days from the date of this Report and Recommendation.  Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein.  *See RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY SUBMITTED in chambers at Miami, Florida, this 28th day of January, 2010.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

9

cc:     The Honorable Alan S. Gold
        All counsel of record